UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY G. CARROLL,            )
                               )
        Plaintiff,             )
                               )
    v.                         )   No. 4:11CV1574  NAB
                               )
FRANCIS SLAY, et al.,          )
                               )
        Defendants.            )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Anthony G. Carroll (registration no. 82021) for leave to commence this action without payment of the required filing fee [Doc. #6].[1]

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. §

---

[1]The Court notes that the original complaint [Doc. #1] lists three plaintiffs in the caption: Anthony G. Carroll, Alvin Harris, and Anthony Irvin.  The complaint was not signed.  Plaintiff Anthony G. Carroll subsequently filed an amended complaint [Doc. #8], which bears only his signature and lists only his name in the caption.  Moreover, the $350 filing fee has not been paid, and only plaintiff Anthony G. Carroll has filed a motion for leave to proceed in forma pauperis and a prison account statement [Doc. #6].  In light of these circumstances, as well as the fact that this action will be dismissed as legally frivolous, the Court will strike Alvin Harris and Anthony Irvin as party-plaintiffs to this action and will consider Anthony G. Carroll to be the sole plaintiff.

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $5.50, and an average monthly balance of $4.32. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.10, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Amended Complaint

Plaintiff, an inmate at St. Louis City Justice Center ("SLCJC"), seeks injunctive relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Francis Slay (Mayor) and Gene Stubblefield ("Commissioner of Jails"). Plaintiff alleges that the living conditions at SLCJC are unconstitutional. More specifically, he alleges overcrowding, lack of recreation for the general population, unfair conduct violation procedures, a restriction of rights in disciplinary segregation, and the fact that he has not received an intake medical exam.

## Discussion

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). In the instant action, plaintiff does not allege that a policy or custom of a government entity was responsible for the alleged violations of his constitutional rights. As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court finds that plaintiff has failed to allege that defendants Slay and Stubblefield were personally involved in or directly responsible for violation of his constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Moreover, the theory of respondeat superior theory inapplicable in § 1983 suits. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.10 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Alvin Harris and Anthony Irvin are **STRICKEN** as party-plaintiffs to this action, and the Clerk shall docket this case as *Anthony G. Carroll v. Francis Slay and Gene Stubblefield*.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of October, 2011.

                                              HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE